UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMMI J. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:24-cv-01156-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 21. Defendant Commissioner filed a Response. ECF No. 22. Plaintiff did not file a reply. The Court finds as follows.

**I.      BACKGROUND**

Plaintiff, represented by counsel, filed her Complaint requesting review of the final decision of the Commissioner of Social Security denying benefits under Title II of the Social Security Act on November 21, 2024. ECF No. 15. On December 23, 2024, the parties filed a stipulation to voluntarily remand the case, which was granted. ECF Nos. 18, 19.

Plaintiff's counsel, Hal Taylor, of Counsel with the Olinsky Law Group, filed the instant Motion for Attorney Fees Pursuant to 42 U.S.C. § 2412. In support of this request, counsel provides records indicating that 75.4 hours of attorney time, and 10.3 hours of paralegal time, were expended working on this matter. ECF No. 21-1 (and exhibits thereto). The Commissioner objects to the award arguing the fees are unreasonable contending no reply brief was filed (which is true), the issue presented were "run-of-the-mill" especially in light of Plaintiff's counsel's experience, the fees requested are more than three times the average award nationally and five times the award for cases arising in the District of Nevada, the time spent reviewing the certified administrative record ("CAR"), 54.8 hours specifically, are excessive, and clerical task billings are excessive. ECF No. 22.

## II.   STANDARD

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). *Hensley v. Eckerhart*, 461 U.S. 424 (1983), established the steps for considering reasonable fees under 42 U.S.C. § 1988. Consistent with *Hensley*, the prevailing party bears the burden of showing that the claimed fees are reasonable. 461 U.S. at 433, 427; *accord Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

Under *Hensley*, the Court must determine the "number of hours reasonably expended on the litigation" and exclude hours not meeting this standard. 461 U.S. at 433-34. "[T]he skill and experience of lawyers vary widely," and courts should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id*. As part of this inquiry, courts "may consider" that 20 to 40 hours is the range most often requested and granted in Social Security cases, but each case also requires consideration of "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1134-36 (9th Cir. 2012). When faced with a large fee application, as is true here, the Court may make "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Gonzalez*, 729 F.3d at 1203.

The publicly available database that collects award of fees and other expenses paid under the EAJA, reveals information on the average amounts paid EAJA awards for "Actions for Judicial Review of the Final Decision of the Commissioner of Social Security under the Social Security Act" in fiscal years 2019, 2020, 2021, 2022, 2023, and 2024. https://acus.gov/eaja/background. The Court takes judicial notice of these amount. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (quoting *Interstate Nat. Gas Co. v. S. California Gas. Co.*, 209 F.2d 380, 385 (9th Cir. 1953), for position that a court may take judicial notice of "'records and reports of administrative bodies'").

## III.   ANALYSIS

Plaintiff's fees for reviewing the CAR are excessive. A review of the billing records provided by Plaintiff's counsel demonstrate 54.8 hours are attributed to reviewing the administrative record.

ECF No. 21-4 at 1-4.  At the billing rate requested, $251.84 per hour, which is not excessive, the total billed for this activity equals $13,800.83.

The Court also reviewed Plaintiff's brief seeking remand and finds the issues presented were not overly complex.  Two issues were presented (ECF No. 15 at 8-24) that are common to many Social Security cases that have come before this Court.  A review of Plaintiff's brief also demonstrate no citations to the medical records in the CAR were made.  ECF No. 15, *generally*.  These factors further support a reduction in the time spent reviewing the CAR as well as a reduction of time for preparation of Plaintiff's opening brief.

Given the skill and experience of Plaintiff's counsel, with which the Court is familiar based on the number of Social Security cases that have come before it filed by this counsel, the Court finds reducing this number by half that allows for 27.4 hours of CAR review and fees in the amount of $6,900.42.  *See Costa*, 690 F.3d at 1134 (allowing the Court to consider the skill and experience of counsel when determining the reasonableness of a fee request.).

Plaintiff also seeks fees for clerical tasks that are not properly awarded.  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  Clerical tasks include "preparing, reviewing, proofreading, downloading, or filing documents."  *Sartiaguda v. Comm'r of Soc. Sec.*, Case No. 2:17-CV-2280-DMC, 2021 WL 3912121, at *4 (E.D. Cal. Sept. 1, 2021).  Of the non-compensable clerical tasks included in Counsel's itemization $800 is non-compensable.

Together, the Court reduces the fees requested by $7,700.42, which leaves $12,318.32 in fees and $405.00 for the filing fee.

Under the EAJA, fees are payable to the "prevailing party."  28 U.S.C. § 2412, 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  The presence of an assignment does not change the analysis before this Court, because the ability to honor an assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  *Ratliff*, 560 U.S. at 597-98.  To comply with the Treasury Offset Program, when a court issues an order for EAJA fees (ordered payable to Plaintiff, not counsel), the government considers any assignment of EAJA fees to determine whether they are subject to any offset.  If Plaintiff does not owe a government debt that qualifies for offset, then payment may be

made in counsel's name based on the government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727. Because of these considerations, Defendant asks that this Court specify in its EAJA award that the Treasury Offset Program cannot honor the assignment without prior consideration.

## IV. ORDER

IT IS HEREBY ORDERED that the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 21) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that a fee award in the amount of $12,318.32 for work before the Court is to be paid to Hal Taylor at the Olinsky Law Group from the sums held by the Social Security Commissioner from Plaintiff's past-due benefits.

IT IS FURTHER ORDERED that costs in the amount of $405 are awarded to the Olinsky Law Group under 28 U.S.C. § 1920.

IT IS FURTHER ORDERED that the award of fees will be honored upon consideration of the Treasury Offset Program.

Dated this 27th day of May, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE